LEWIS H. DICKERSON vs. ATTORNEY GENERAL.

Suffolk.  December 5, 1985. — February 12, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & NOLAN, JJ.

*Practice, Criminal,* Capital case, Postconviction relief, Appeal. *Constitutional Law,* Equal protection of laws.

No equal protection rights of defendants in capital cases, as the term is defined in G. L. c. 278, § 33E, were infringed by provisions in that section stating that, where a defendant's conviction in a capital case has been affirmed after plenary review by this court, he may not thereafter appeal a decision of the Superior Court denying him postconviction relief unless an appeal is allowed by a single justice of the Supreme Judicial Court on the ground that it presents a new and substantial question. [741-745]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 13, 1985.

The case was reported by *O'Connor,* J.

*John P. Osler* for the plaintiff.

*Linda G. Katz,* Assistant Attorney General, for the Attorney General.

HENNESSEY, C.J. The plaintiff, Lewis H. Dickerson, brought a declaratory judgment action in the Supreme Judicial Court for Suffolk County challenging the constitutionality of G. L. c. 278, § 33E (1984 ed.), which requires defendants convicted of murder in the first degree to obtain leave from a single justice of this court in order to appeal postconviction motions. Dickerson claims that the "gatekeeper" provisions of G. L. c. 278, § 33E, deny him equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution and arts. 1, 6, and 7 of the Massachusetts Declaration of Rights. Upon joint motion of the parties, a single justice reserved and reported Dickerson's complaint to the full bench. We conclude that the "gatekeeper" provisions of G. L.

c. 278, § 33E, are constitutional, and a declaration to that effect shall be entered.

Dickerson was convicted of murder in the first degree, unlawfully carrying a firearm, and armed robbery. He was sentenced, as the law required, to life imprisonment without possibility of parole. We upheld Dickerson's convictions on direct appeal. *Commonwealth* v. *Dickerson,* 372 Mass. 783 (1977).

In 1980, Dickerson filed a motion for new trial in the Superior Court pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), challenging the constitutionality of the trial judge's instructions to the jury. This motion for postconviction relief was denied without a hearing on January 21, 1981. Dickerson sought leave to appeal the denial of this motion. On August 4, 1981, a single justice of this court, acting pursuant to her powers under G. L. c. 278, § 33E, denied Dickerson's petition for leave to appeal on the ground that his motion raised no "new and substantial question."

Dickerson filed a petition for a writ of habeas corpus in the United States District Court for the District of Massachusetts. This petition was denied. On appeal, the Court of Appeals for the First Circuit dismissed the petition on the ground that Dickerson failed to exhaust State remedies. *Dickerson* v. *Walsh,* 750 F.2d 150 (1st Cir. 1984). Dickerson then filed this action for declaratory relief.

Dickerson argues that G. L. c. 278, § 33E, operates to discriminate against capital defendants[1] for the purpose of postconviction appeals. Under § 33E, a defendant indicted for, and convicted of, first degree murder has a right of direct appeal to the Supreme Judicial Court. The scope of our review of capital cases under G. L. c. 278, § 33E, is quite broad: we are required to review the "whole case" to determine whether the verdict is "against the law or the weight of the evidence." We are also empowered by the statute to "(a) order a new trial

---

[1] Of necessity, we refer to those defendants convicted of murder in the first degree as "capital" defendants, as this term is defined by G. L. c. 278, § 33E. However, since capital punishment is not a penalty currently recognized by the laws of the Commonwealth, these persons actually are not "capital" defendants within the ordinary meaning of the term.

or (b) direct the entry of a verdict of a lesser degree of guilt," if the interests of justice so require.

After this plenary review on direct appeal, the statute circumscribes the avenues of postconviction relief available to capital defendants. Under c. 278, § 33E, a capital defendant may not appeal a decision of the Superior Court denying his motion for postconviction relief "unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court." A single justice's denial of a defendant's petition for leave to appeal is final and unreviewable. *Leaster* v. *Commonwealth,* 385 Mass. 547 (1982).

By contrast, a noncapital defendant is not required to seek leave from a single justice in order to appeal an order of the Superior Court denying his motion for postconviction relief. Under Mass. R. Crim..P. 30 (c) (8), 378 Mass. 900 (1979), "[a]n appeal from a final order under this rule may be taken to the Appeals Court by either party." In addition, a noncapital defendant aggrieved by a decision of the Appeals Court panel under Mass. R. Crim. P. 30 (c) (8), may petition for reconsideration by a majority of the Justices of the Appeals Court, or may petition the Supreme Judicial Court for further appellate review. G. L. c. 211A, § 11 (1984 ed.). The question thus presented is whether this disparity of treatment[2] deprives

---

[2] A strong argument can be made that any disparity between these two avenues of postconviction appeal does not rise to the level of constitutional significance. See *Clements* v. *Fashing,* 457 U.S. 957, 967 (1982) (claimant making equal protection challenge must demonstrate discrimination "of some substance"). In reviewing a postconviction motion of a noncapital defendant, the Appeals Court will not consider claims of error which could have been raised at trial or on direct appeal, but were not so raised. See *Commonwealth* v. *Buckley,* 17 Mass. App. Ct. 373, 374 (1984). Similarly, a single justice will not grant a capital defendant leave to appeal to the full bench unless his postconviction motion raises a "new and substantial question." G. L. c. 278, § 33E. In each case, the merits of a defendant's postconviction motion will not be reached unless he presents a new and important issue to the court. To the extent that a single justice reviewing a petition for leave to appeal under c. 278, § 33E, is engaged in a form of "appellate review," there is no significant difference between that function and that of the Appeals Court under Mass. R. Crim. P. 30 (c) (8). The only distinction of *any* consequence may be that a decision of the single

defendants convicted of murder in the first degree of equal protection of the laws.[3]

As a preliminary matter, we consider the level of equal protection scrutiny to be applied in this case. For the purpose of equal protection analysis, our standard of review under the cognate provisions of the Massachusetts Declaration of Rights is the same as under the Fourteenth Amendment to the Federal Constitution. *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 235 (1983). *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp.*, 366 Mass. 734, 744 n.18 (1975). Absent a showing that a statute burdens a suspect group or fundamental interest, it will be upheld as long as it is rationally related to the furtherance of a legitimate State interest. See *Vance* v. *Bradley,* 440 U.S. 93, 97 (1979); *Opinion of the Justices,* 373 Mass. 883, 886 (1977). The Supreme Court of the United States has applied a traditional "rational basis" test to statutes regulating appellate review of criminal convictions. See *Estelle* v. *Dorrough,* 420 U.S. 534, 538 (1975); *Rinaldi* v. *Yeager,* 384 U.S. 305, 309 (1966). The statute is presumed to be constitutional, *Lockport* v. *Citizens for Community Action at the Local Level, Inc.,* 430 U.S. 259, 272 (1977), and will not be invalidated where any state of facts reasonably may be conceived to justify it. See *Massachusetts Pub. Interest Research Group* v. *Secretary of the Commonwealth,* 375 Mass. 85, 93 (1978); *Pinnick* v. *Cleary,* 360 Mass. 1, 28 (1971).

The "gatekeeper" provisions of G. L. c. 278, § 33E, survive this "rational basis" scrutiny. While it might appear incongruous that those convicted of murder in the first degree are af-

---

justice denying leave to appeal is final, *Leaster, supra,* whereas a decision of the Appeals Court denying postconviction relief may in some instances be the subject of reconsideration or further appellate review.

[3] Although Dickerson purports to challenge the gatekeeper provisions of G. L. c. 278, § 33E, on both due process and equal protection grounds, he advances no separate argument based on due process principles. The due process clause does not require a State to afford any appellate process whatsoever. See *Ross* v. *Moffitt,* 417 U.S. 600, 611 (1974); *Commonwealth* v. *Conceicao,* 388 Mass. 255, 258 (1983). Dickerson's sole contention is that, once an appellate system is established, the State may not classify litigants in a manner which deprives them of equal protection of the laws.

forded a narrower opportunity for appeal of postconviction motions than other criminal defendants, the rationale for this classification derives from the plenary review which capital defendants receive on direct appeal. Under G. L. c. 278, § 33E, this court has extraordinary powers in reviewing capital convictions on direct appeal: we consider the whole case, both the law and the evidence, to determine whether there has been any miscarriage of justice. See *Commonwealth* v. *Hurley,* 391 Mass. 76, 81 (1984); *Commonwealth* v. *Hall,* 369 Mass. 715, 717 (1976). Unlike appellate review of convictions of other crimes, our consideration of first degree murder cases is not limited to issues based on objections rendered at trial. *Commonwealth* v. *Smith,* 384 Mass. 519, 524 (1981). *Commonwealth* v. *Brown,* 376 Mass. 156, 168 (1978). We are empowered under G. L. c. 278, § 33E, to consider questions raised by the defendant for the first time on appeal, or even to address issues not raised by the parties, but discovered as a result of our own independent review of the entire record. See, e.g., *Commonwealth* v. *Repoza,* 382 Mass. 119, 130 (1980); *Commonwealth* v. *Callahan,* 380 Mass. 821, 822 (1980). This uniquely thorough review of first degree murder convictions is warranted by the infamy of the crime and the severity of its consequences. See G. L. c. 265, § 2 (1984 ed.). Cf. *Estelle* v. *Dorrough,* 420 U.S. 534, 540 (1975).

Given the broad plenary review which capital defendants receive on direct appeal, there is a "rational basis" for restricting their ability to appeal subsequent postconviction motions. Due to our familiarity with the case, this court, and not the Appeals Court, is the proper forum for review of the denial of postconviction motions of capital defendants. Yet since we have already reviewed the "whole case" as required by G. L. c. 278, § 33E, the capital defendant justifiably is required to obtain leave of a single justice before being allowed once again to appear before the full court. Interests of judicial economy are best served by having a single justice "screen out" postconviction motions which do not present a "new or substantial question." In this manner, a full quorum of the Supreme Judicial

Court is spared the task of hearing frivolous or duplicative claims.

A judgment shall be entered declaring G. L. c. 278, § 33E, to be constitutional.

*So ordered.*