# RESCRIPT OPINIONS.

COMMONWEALTH vs. JAMES LATTIMORE. May 18, 1987. *Practice, Criminal,* Appeal, Postconviction relief, New trial, Capital case.

In *Commonwealth* v. *Lattimore,* 396 Mass. 446 (1985), this court reviewed the defendant's conviction of murder in the first degree under G. L. c. 278, § 33E (1984 ed.), and ordered the verdict reduced to murder in the second degree. Subsequently, the defendant filed pro se motions in the Superior Court for a new trial and for appointment of counsel. The trial judge denied the motions. The defendant appealed and filed a pro se motion in the Appeals Court for the appointment of counsel on appeal. A single justice of the Appeals Court issued an order appointing counsel, concluding that the defendant was not required, under G. L. c. 278, § 33E, to obtain leave to appeal from a single justice of this court. The Commonwealth appealed, and we allowed the Commonwealth's application for direct appellate review. We conclude that the reasoning of the single justice of the Appeals Court was correct.

The Commonwealth argues that the "gatekeeper" restrictions in G. L. c. 278, § 33E, apply to all "capital cases," and that a "capital case" is defined as "a case in which the defendant was tried on an indictment for murder in the first degree and was convicted of murder in the first degree." G. L. c. 278, § 33E. The Commonwealth argues that because the defendant was indicted, tried, and convicted of murder in the first degree, this court's subsequent reduction of the verdict to murder in the second degree does not exclude this case from the statutory requirement. According to the Commonwealth, "conviction" refers only to the jury's rendering of the verdict. We disagree. After this court reduced the verdict, under our power under § 33E, the defendant stood convicted of murder in the second degree. Nor are we persuaded by the Commonwealth's assertion that the Legislature intended that, where a defendant has received plenary review under § 33E, the gatekeeper provisions should be a condition of any further appeal. See *Commonwealth* v. *Adrey,* 397 Mass. 751, 752 (1986); *Commonwealth* v. *Festa,* 388 Mass. 513, 514 n.2 (1983); *Commonwealth* v. *Zezima,* 387 Mass. 748, 749 (1982); *Greene* v. *Commonwealth,* 385 Mass. 1008, 1009 (1982) (defendants convicted of murder in the second degree, who received plenary review of their convictions prior to 1979 amendment to § 33E, need not comply with the gatekeeper provisions in appeals after 1979).

Therefore, we conclude that the single justice of the Appeals Court properly exercised jurisdiction over the defendant's motion to appoint coun-

sel. The case is remanded to the Appeals Court for consideration of the merits of the defendant's appeal from the trial judge's denial of his motion for a new trial.

*So ordered.*

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.
*George Hassett* for the defendant.