COMMONWEALTH *vs.* JAMES LANOUE.

Suffolk. October 2, 1990. - December 20, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Assistance of counsel, Retroactivity of judicial holding, New trial, Capital case. *Constitutional Law*, Assistance of counsel. *Homicide.*

There was no merit to a claim of ineffective assistance of counsel for the defendant in a criminal case on the ground that the defendant's attorney failed to raise the issue whether the prosecutor's refusal to plea bargain based on alleged personal bias violated the defendant's constitutional due process and equal protection rights. [4-5]

A criminal defendant failed to demonstrate that he was denied his right to effective assistance of counsel by his attorney's failure to move to suppress certain evidence seized without a warrant where, even assuming that the attorney's behavior did fall measurably below that of an ordinary fallible lawyer, it did not deprive the defendant of a substantial ground of defense. [5-6]

There was no merit to a criminal defendant's claim of ineffective assis- · tance of counsel based on his attorney's failure to raise, either at trial or on appeal, the issue whether the interrogation of the defendant at a

police station after his arrest and alleged attempt to communicate with an attorney violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. [6]

A criminal defendant failed to demonstrate that he was denied his right to effective assistance of counsel by his attorney's failure to raise, either at trial or on appeal, the issue whether expert testimony should have been admitted on the effects of alcohol and drugs as they related to the defendant's culpability, his voluntariness in making spontaneous statements, and his ability to make a voluntary, knowing, and intelligent waiver of his Miranda rights. [7]

There was no merit to a criminal defendant's claim that his conviction of murder in the first degree, subsequently reduced to murder in the second degree by this court pursuant to G. L. c. 278, § 33E, should be further reduced to manslaughter. [7-8]

O'CONNOR, J., concurring, with whom GREANEY, J., joined, agreed that the defendant's motion for a new trial was correctly denied and that the court's reasoning was correct, but raised the question whether, in the future, cases like this one, having previously received plenary review pursuant to G. L. c. 278, § 33E, ought to be given still further appellate review in the absence of a prior determination by a single justice of this court that the new appeal raises a new and substantial question. [8-10]

INDICTMENT found and returned in the Superior Court Department on April 25, 1980.

Following review by this court in 392 Mass. 583 (1984) and 400 Mass. 1007 (1987), a motion for a new trial, filed on May 29, 1986, was heard by *John T. Ronan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William A. Hahn* for the defendant.

*Nijole Makaitis,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. This is the third time this case has come before us. On November 4, 1980, a jury convicted the defendant of murder in the first degree. The defendant appealed from his conviction to this court. On direct review, we exercised our power under G. L. c. 278, § 33E, and reduced the verdict to murder in the second degree. *Commonwealth* v. *Lanoue,* 392 Mass. 583 (1984) (*Lanoue I*). On May 29, 1986, the defendant moved for a new trial based on a claim of ineffective as-

sistance of counsel. The Superior Court judge denied the motion without a hearing and the defendant appealed. In October of 1987, this court reversed the order and remanded the case to the Superior Court for a hearing on the merits. *Commonwealth* v. *Lanoue,* 400 Mass. 1007 (1987) (*Lanoue II*). After a hearing, the Superior Court judge denied the motion for a new trial. The defendant appealed from this decision to the Appeals Court and we have transferred the case here on our own motion.

The facts of this case are set forth in *Lanoue I, supra* at 584-585. We shall repeat those facts as needed for our analysis. In this appeal, the defendant has requested a new trial based on ineffective assistance of counsel because his attorney failed to raise the following issues at trial or on appeal: (1) whether the prosecutor's refusal to plea bargain based on alleged personal bias violated his constitutional due process and equal protection rights; (2) whether the warrantless search of the defendant's apartment violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution; (3) whether the interrogation of the defendant at the police station after his arrest violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution; and (4) whether expert testimony should have been admitted on the effects of alcohol and drugs as they related to the defendant's culpability, his voluntariness in making spontaneous statements, and his ability to make a voluntary, knowing, and intelligent waiver of his Miranda rights. In the alternative, the defendant seeks a further reduction in his conviction from murder in the second degree to manslaughter.

We note at the outset that we are not required to review issues which could have been raised by the defendant in previous appeals and were not. However, since the defendant was represented by the same attorney at the trial and on his initial appeal, he is not precluded from seeking review because of the failure of his first attorney to raise the claim of ineffective assistance of counsel on his prior appeal. It would be unrealistic to expect Lanoue's first attorney to have raised

a claim calling his own competence into question. In fairness, we therefore proceed to examine the issues raised but only in so far as they relate to the claim of ineffective assistance of counsel.

In determining whether there is merit to the claim of ineffective assistance of counsel in a criminal case, this court must examine the circumstances of the case to discover whether there has been "serious incompetency, inefficiency, or inattention of counsel — behavior . . . falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Even if incompetency is found, the court must then determine whether it has deprived the defendant of an "otherwise available, substantial ground of defence." *Id.*

We hold that counsel's performance fell well within the realm of what may be expected from an ordinary fallible attorney. There is no merit to the defendant's claim of ineffective assistance of counsel and the motion for a new trial was appropriately denied. We also decline to reduce further the defendant's conviction to manslaughter. Since the defendant has alleged ineffective assistance of counsel, our inquiry into each of the allegations is limited to the attorney's conduct in failing to raise the claim. We make no ruling as to the claims as if they had been brought independently and not under the rubric of "ineffective assistance of counsel."

The defendant claims that trial counsel's failure to raise the issue of prosecutorial bias is ground for a new trial. We find no merit to this claim. The attorney was well within acceptable standards even without bringing this claim. The prosecutor who was handling the case informed the judge that his supervisor, a first assistant district attorney, had told him not to offer a manslaughter plea to the defendant. The defendant asserts that the supervising first assistant district attorney's refusal to allow a manslaughter plea was a discriminatory application of the plea bargaining process violative of the defendant's constitutional rights. The defendant accuses the first assistant district attorney of being motivated by personal bias, prejudice, and animosity. The accusation is

based on the fact that the first assistant's parents lived near the murder scene and that the first assistant's mother disapproved of the defendant.[1] The allegation of prosecutorial bias is completely without merit. There is no evidence whatsoever that the first assistant district attorney had any personal bias against the defendant. Where a claim of improper conduct is alleged against a public official, "[e]very presumption must be indulged in as to the integrity and impartiality" of that official. *Pacella* v. *Metropolitan Dist. Comm'n*, 339 Mass. 338, 347 (1959), quoting *Stockus* v. *Boston Hous. Auth.*, 304 Mass. 507, 511 (1939). All that the defendant has offered are allegations of bias on the part of the first assistant's mother. The defendant presented no evidence of bias by the first assistant district attorney himself, and any claim of bias through his mother is tenuous at best.

The defendant further claims that the warrantless search of his apartment after his arrest violated the Fourth and Fourteenth Amendments. The defendant contends it was ineffective assistance of counsel for his attorney not to move to suppress the evidence seized without a warrant. We disagree. The police were called to the apartment and let in by the defendant's mother to assist a bleeding, unconscious woman. They arrived to find the defendant with blood on his arms and then, in plain view, saw bloodstained walls. They searched the apartment for the injured woman and while searching noticed many bloodstained items. They found the woman's body, arrested the defendant, and escorted him from the scene. The police later returned to seize the items they had seen in plain view during their search for the injured woman. They had no warrant.

The defendant claims that his attorney was ineffective by failing to move to suppress the seized items. Assuming, for the sake of argument only, that the attorney's behavior did

---

[1] The defendant points to actions by the first assistant's mother which supposedly indicated her dislike of the defendant. First, he points to her action of allegedly crossing the street to avoid walking past him. Secondly, the defendant allegedly overheard her saying that the neighborhood had gone down, from which he inferred she was referring to him.

fall measurably below that of an ordinary fallible attorney, the defendant's claim would still be without merit. As we stated in *Commonwealth* v. *Saferian, supra* at 96, even if an inadequacy is found, the court must then determine whether it has deprived the defendant of an "otherwise available, substantial ground of defence." The attorney did not deprive the defendant of a substantial ground of defense by failing to file a motion. Even if the physical evidence had been suppressed, the officers could testify in court about what they saw while validly on the premises. The police officers were validly on the premises to search for an injured woman under exigent circumstances. *Commonwealth* v. *Young*, 382 Mass. 448, 454-460 (1981). The officers would have been able to testify as to what they had seen even if the evidence had been suppressed due to the warrantless search which occurred later. Therefore, the suppression of the evidence would not have been a substantial defense sufficient to support a claim of ineffective assistance of counsel.

The defendant also maintains that he tried to communicate with his attorney by telephone from the police station. He claims that the police interrogated him even after his attempt to communicate with an attorney, and that this interrogation violated his rights under the Fifth and Fourteenth Amendments. The defendant contends that counsel's failure to raise this issue either at trial or on appeal amounted to ineffective assistance of counsel. Once again, we find no merit to the defendant's claim. The attorney moved to suppress the statements based on intoxication. By choosing a more promising basis to bring the motion, the attorney's conduct was not substandard for failing to include the more dubious ground. Nowhere in the record does it indicate that the police knew the nature of the defendant's call. The record does indicate the defendant's willingness to speak after receiving Miranda warnings.

Lastly, the defendant contends that counsel's failure to offer expert medical testimony on the defendant's long history of drug and alcohol abuse, as it pertained to whether his waiver was voluntary, knowing, and intelligent, resulted in a

miscarriage of justice and ineffective assistance of counsel. This is not so. At trial, defense counsel filed a motion to suppress statements made by the defendant on arrest and during interrogation on the grounds that the effects of drugs and alcohol on the defendant at the time of arrest and interrogation had made his statements involuntary.

We addressed the effects of the defendant's intoxication and substance abuse on his statements in *Lanoue I, supra* at 588-589. We came to the conclusion that there had been no error in admitting the defendant's statements due to involuntariness. We come to the identical conclusion today, six years later. There was considerable evidence presented at the trial as to the defendant's condition on his arrest and interrogation. That evidence is discussed in our 1984 decision. We find it unpersuasive that counsel's failure to call an additional witness, an expert, on this issue resulted in grounds for a new trial. *Commonwealth* v. *Rondeau*, 378 Mass. 408, 413 (1979) (ineffectiveness not established by simple showing that defense counsel did not call an additional witness to bolster the case). No new trial is warranted.

We likewise find the defendant's claim that the conviction should be reduced to manslaughter meritless. Assuming the request is properly before us as a procedural matter, there was no evidence of provocation presented to warrant such a reduction. The victim was said to have uttered "no . . . money, no fun," after which the murder occurred. Mere words are not enough to warrant provocation sufficient to reduce a conviction to manslaughter. *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 746 (1975).

Furthermore, the defendant bases his argument for a further reduction to manslaughter on *Commonwealth* v. *Grey*, 399 Mass. 469 (1987), in which evidence of the defendant's mental impairment was relevant and admissible as to the issue of malice. *Id.* at 470-471. That case was decided in 1987, several years after the defendant's initial trial. We determined in *Commonwealth* v. *Bray*, 407 Mass. 296 (1990), that the *Grey* decision was not to be applied retroactively.

Therefore, the defendant's argument in reliance on the *Grey* case is misplaced.

For the reasons set forth above, we affirm the judge's ruling on the defendant's motion for a new trial. The defendant has failed to show that counsel's conduct was substandard or that failure to allow the new trial would result in a miscarriage of justice. In addition, we shall not reduce the conviction from murder in the second degree to manslaughter.

*So ordered.*

O'CONNOR, J. (concurring, with whom Greaney, J., joins). I agree that the defendant's motion for a new trial was correctly denied, and I agree with the court's reasoning. The motion for a new trial did not raise substantial claims.

I write separately to raise the question whether, in the future, cases like this one, having previously received plenary review under G. L. c. 278, § 33E (1988 ed.), ought to be given still further appellate review in the absence of a prior determination by a single justice of this court that the new appeal raises a new and substantial question. The inquiry I raise bears significantly on the matter of efficiency in the administration of justice. The court's conclusion in this case that the defendant's motion for a new trial had little or no merit suggests that, had a single justice conducted a "gatekeeper" hearing on the substantiality of the issues to be raised in the proposed appeal, the appeal would have been disallowed, and this court's time and energy would have been put to better use. Such inefficiency should be discouraged and, in my view, that is precisely what the Legislature had in mind in enacting G. L. c. 278, § 33E.

General Laws c. 278, § 33E, provides: "In a capital case as hereinafter defined the entry in the supreme judicial court shall transfer to that court the whole case for its consideration of the law and the evidence. Upon such consideration the court may, if satisfied that the verdict was against the law or the weight of the evidence, or because of newly dis-

covered evidence, or for any other reason that justice may require (*a*) order a new trial or (*b*) direct the entry of a verdict of a lesser degree of guilt, and remand the case to the superior court for the imposition of sentence. For the purpose of such review a capital case shall mean a case in which the defendant was tried on an indictment for murder in the first degree and was convicted of murder in the first degree. . . . If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

Section 33E expressly defines a capital case as one in which "the defendant was tried on an indictment for murder in the first degree and was convicted of murder in the first degree." This is such a case. Nothing in § 33E expressly states or implies that if, after plenary review, the Supreme Judicial Court reduces the conviction to murder in the second degree, the case loses its character as a capital case for § 33E purposes.

In enacting G. L. c. 278, § 33E, the obvious legislative objective was to provide to a defendant who has been convicted of murder in the first degree the fullest possible appellate review in order that justice may be done. Once such plenary review has been conducted, however, as occurred in this case, see *Commonwealth* v. *Lanoue*, 392 Mass. 583 (1984), the statute makes clear that no further appellate review is available unless a single justice decides that there is a new question of sufficient substance to be worthy of further full court review.

In *Commonwealth* v. *Lattimore*, 400 Mass. 1001 (1987), this court held in a brief opinion that the gatekeeper provision of c. 278, § 33E, does not apply when a defendant's conviction for murder in the first degree has been reduced to murder in the second degree under that section. The court relied on four cases. In each of those cases, the defendant had been convicted by a jury only of murder in the second

degree. Thus, those cases were not capital cases as defined by § 33E, and therefore were not subject to its gatekeeper provision. Although I would not overrule *Lattimore* in this case since the parties have not addressed the question whether the appeal is properly before the court, and the appeal was accepted and then transferred conformably to *Lattimore*, I think that the interests of judicial economy and of implementing the legislative will in the future would be best served by this court's reconsideration of the procedural question posed in *Lattimore*. Nothing in the statutory language or in logic suggests that a defendant, whose conviction has been reduced after plenary review, should have greater accessibility to still further review than would a defendant whose conviction of murder in the first degree has not been reduced after such review. On the contrary, one would reasonably expect that, if a distinction is to be made between defendants according to the severity of the crimes of which they stand convicted, those who remain convicted of the more serious crime, murder in the first degree, would have greater accessibility to further review than would a defendant whose conviction has been reduced.