*Enfrid Brown, Jr.,* pro se.

COMMONWEALTH *vs.* GENE L. PERRY. May 12, 1997. *Homicide. Practice, Criminal,* Appeal, Postconviction relief, New trial, Instructions to jury, Retroactivity of judicial holding. *Intoxication.*

In 1980, the defendant, Gene L. Perry, was indicted for, and convicted of, murder in the first degree. Perry appealed to this court pursuant to G. L. c. 278, § 33E, as amended by St. 1979, c. 346, § 2, effective July 1, 1979. Exercising the power of plenary review provided by that statute, we reduced the conviction to murder in the second degree. *Commonwealth* v. *Perry,* 385 Mass. 639, 648-649 (1982). Between 1982 and 1987, Perry filed three postrescript motions for a new trial, which were denied. See 26 Mass. App. Ct. 1116 (1988). Then, in 1992, he filed a fourth such motion, which a judge in the Superior Court denied, stating, "Nothing in this motion is new or could not have been presented at trial and appeal or in [Perry's] three prior new trial motions — 'Court refuses to act.' " Perry appealed from that ruling and we granted the Commonwealth's application for

direct appellate review on the question of the continuing validity of the court's decision in *Commonwealth* v. *Lattimore*, 400 Mass. 1001 (1987), that a defendant, whose conviction of murder in the first degree has been reduced to murder in the second degree after plenary review under G. L. c. 278, § 33E, is not subject to § 33E's gatekeeper restriction governing further appeals. After further consideration of the "gatekeeper" issue, the court, by a majority of five Justices to two, reaffirms its *Lattimore* holding. See *Commonwealth* v. *Lanoue*, 409 Mass. 1, 8-10 (1990) (O'Connor, J., concurring, with whom Greaney, J., joined). The court remains unpersuaded that "the Legislature intended that, where a defendant has received plenary review under § 33E, the gatekeeper provisions should be a condition of any further appeal," *Lattimore, supra* at 1001, where the plenary review resulted in a reduction of the verdict. Therefore, we turn briefly to the merits.

The defendant's latest motion for a new trial is based on his assertion that the trial judge committed constitutional error by failing to instruct the jury that they could consider intoxication on the issue whether he acted with malice aforethought. No such instruction was requested and no objection was made at the time of trial. We have previously held that the failure to instruct on the issue of intoxication does not rise to a constitutional level. See *Commonwealth* v. *Vazquez*, 419 Mass. 350, 355 (1995); *Commonwealth* v. *Costello*, 392 Mass. 393, 405 (1984). We have repeatedly declined to give retroactive effect to our holdings which have expounded on this issue. See *Commonwealth* v. *Gagliardi*, 418 Mass. 562 (1994), cert. denied, 513 U.S. 1091 (1995); *Commonwealth* v. *Sama*, 411 Mass. 293 (1991); *Commonwealth* v. *Grey*, 399 Mass. 469 (1987). Nothing in this case persuades us to depart from those decisions. The decision of the motion judge denying the defendant's motion for a new trial is affirmed.

*So ordered.*

*Tracy A. Peterson & David J. Byer* for the defendant.

*Scott H. Kremer*, Assistant District Attorney, for the Commonwealth.

*Wendy Sibbison*, for the Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.