*Alvah Buckmore, Jr.*, pro se.

JAMES LANOUE *vs.* COMMONWEALTH. July 8, 1998. *Supreme Judicial Court,* Superintendence of inferior courts.

James Lanoue (defendant) appeals from the judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. This court issued an order stating that S.J.C. Rule 2:21, 421 Mass. 1303 (1995), was inapplicable because the defendant was not challenging an interlocutory order. Accordingly, we allowed him to proceed in the regular appellate course and we now affirm the judgment.

In 1980, the defendant was convicted by a jury of murder in the first degree by deliberate premeditation. Although we determined that no reversible error was committed at trial, this court exercised its power under G. L. c. 278, § 33E, to reduce the conviction to murder in the second degree in the interest of justice. *Commonwealth* v. *Lanoue*, 392 Mass. 583, 591 (1984). The defendant subsequently filed two motions in the Superior Court seeking a new trial, neither of which was resolved in his favor. On our motion, we transferred the defendant's appeal from the denial of his first motion for a new trial, and we affirmed the trial judge's order. See *Commonwealth* v. *Lanoue*, 409 Mass. 1 (1990).

The defendant also appealed from the denial of his second motion for a new trial. On July 27, 1995, the Appeals Court affirmed the second denial in an unpublished decision. *Commonwealth* v. *Lanoue*, 39 Mass. App. Ct. 1101 (1995). The defendant did not seek further appellate review. Instead, over one year later, the defendant filed a pro se petition, pursuant to G. L. c. 278, § 33E, for leave to appeal from the denial of his second motion for a new trial. A single justice of this court correctly allowed the Commonwealth's motion to dismiss that petition because, having had his conviction reduced to murder in the second degree, review of the defendant's conviction no longer came within the purview of that statute.[1] The defendant then filed the instant petition, under G. L. c. 211, § 3, seeking review of his claims in his second motion for a new trial and, in essence, a second plenary review of his case under G. L. c. 278, § 33E.[2]

"Relief under G. L. c. 211, § 3, is not available where the [defendant] has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief." *Hicks* v. *Commissioner of Correction*, 425 Mass. 1014, 1014-1015 (1997). In this case, the defendant had review of his claims in the Appeals Court in the ordinary course. Although he could have sought further appellate review of the denial of his second motion for a new trial, he elected not to do so. Having failed to pursue that alternative remedy, he is not entitled to relief under G. L. c. 211, § 3. See *id.* at 1015. See also *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996). Relief under G. L. c. 211, § 3, is not a substitute for the normal appellate process. Nor can the defendant's failure to follow the proper route be excused simply because he has been proceeding pro se. *Id.* at 1006, and cases cited (pro se litigants are held to the same standards as those who are represented by counsel). Moreover, the defendant's case has already received full plenary review, which resulted in our employing our rarely exercised power under G. L. c. 278, § 33E, to reduce his conviction. *Commonwealth* v. *Lanoue*, 392 Mass. at 591. No further review in that regard is appropriate or warranted.

The judgment entered in the county court denying the defendant's petition for relief is affirmed.

*So ordered.*

The case was submitted on briefs.

*Lisa M. Scalcione*, Assistant District Attorney, for the Commonwealth.

*James Lanoue*, pro se.

---

[1] We recently had occasion to review and reaffirm the continued validity of our holding in *Commonwealth* v. *Lattimore*, 400 Mass. 1001 (1987), that a defendant, whose conviction of murder in the first degree has been reduced after plenary review pursuant to G. L. c. 278, § 33E, "is not subject to § 33E's gatekeeper restriction governing further appeals." *Commonwealth* v. *Perry*, 424 Mass. 1019, 1020 (1997).

[2] The defendant contends that this court did not give his case thorough plenary review on direct appeal, despite our having reduced his conviction to murder in the second degree. *Commonwealth* v. *Lanoue*, 392 Mass. 583, 591 (1984). He now asks us to further reduce his conviction, pursuant to our superintendent powers, to manslaughter.