NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12196

COMMONWEALTH  vs.  STEVEN JAMES.


Suffolk.     March 6, 2017. - August 1, 2017.

Present:  Gants, C.J., Lenk, Hines, Lowy, & Budd, JJ.


Practice, Criminal, Capital case, Postconviction relief.


Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on February 9, 2016.

The case was reported by Hines, J.


Rosemary Curran Scapicchio (Dennis M. Toomey also present)
for the defendant.
Mary E. Lee, Assistant District Attorney, for the
Commonwealth.


HINES, J.  The narrow question before us, here on a

reservation and report from a single justice of the county

court, is whether a juvenile who has been convicted of murder in

the first degree, and whose conviction has been affirmed by this

court after plenary review, is thereafter subject to the

gatekeeper provision of G. L. c. 278, § 33E.  We conclude that

the gatekeeper provision applies.  The case should now proceed in the county court as a gatekeeper matter.

Background.  The defendant, Steven James, was convicted in 1995 of murder in the first degree on a theory of extreme atrocity or cruelty.  He was sentenced to a mandatory term of life without the possibility of parole, pursuant to G. L. c. 265, § 2, as amended through St. 1982, c. 554, § 3.  See Commonwealth v. James, 427 Mass. 312, 313, 318 (1998).  He was seventeen years old when the killing occurred in 1994, id. at 315, and under the law at that time was considered an adult for purposes of the criminal proceedings.  See Watts v. Commonwealth, 468 Mass. 49, 50-51 (2014).  On appeal, this court "reviewed the entire record and conclude[d] that relief pursuant to G. L. c. 278, § 33E, [was] not warranted," and affirmed James's conviction.  James, supra at 318.

In 2013, James filed a motion for a new trial in the Superior Court, with multiple subsequent supplements.  A judge other than the trial judge, who had since retired, held a nonevidentiary hearing and denied the motion.  However, because James was under the age of eighteen at the time of the killing, he was resentenced to life with the possibility of parole.  See Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 658 (2013), S.C., 471 Mass. 12 (2015) ("imposition of a sentence of life in prison without the possibility of parole on

individuals who were under the age of eighteen when they committed the crime of murder in the first degree violates the prohibition against 'cruel or unusual punishments'").  James thereafter filed an application in the county court, pursuant to the gatekeeper provision of G. L. c. 278, § 33E, seeking leave to appeal the denial of his motion for a new trial.  He subsequently supplemented the petition, arguing that he is not subject to the gatekeeper provision at all, since he now has been resentenced and is no longer sentenced to the most severe sentence recognized in Massachusetts, life without parole eligibility.  The single justice reserved and reported that threshold procedural question, namely, "whether the postconviction case of a defendant who was tried on an indictment for murder in the first degree and was convicted of murder in the first degree, but who was a juvenile at the time of the crime and thus subject to a lesser penalty than life without the possibility of parole, is a 'capital case' as defined in § 33E."  See Mass. R. Civ. P. 64 (a), as amended, 423 Mass. 1403 (1996).

Discussion.  As the single justice recognized, James was "tried on an indictment for murder in the first degree and was convicted of murder in the first degree."  G. L. c. 278, § 33E. On direct appeal, this court reviewed the whole case, including both the law and the evidence, and affirmed his conviction.  See

Commonwealth v. Gunter, 459 Mass. 480, 485-487, cert. denied, 565 U.S. 868 (2011); James, 427 Mass. at 318. Irrespective of the subsequent resentencing, after his direct appeal concluded, James continued to stand convicted of murder in the first degree, and remained convicted of a "capital case" for purposes of the statute. See Commonwealth v. Francis, 450 Mass. 132, 137 (2007); Commonwealth v. Gilbert, 447 Mass. 161, 165 (2006). In such a case, the statute plainly and expressly prohibits a subsequent appeal from "any motion" filed in the Superior Court unless authorized by a single justice "on the ground that it presents a new and substantial question." G. L. c. 278, § 33E. See Commonwealth v. Davis, 410 Mass. 680, 683 (1991).[1]

We recognize that, following the court's decision in Diatchenko, 466 Mass. 655, a juvenile defendant is no longer subject to a sentence of life without the possibility of parole. We left open the question in Commonwealth v. Brown, 474 Mass. 576, 592 n.9 (2016), whether "a juvenile convicted of murder in the first degree is entitled to plenary review under G. L. c. 278, § 33E, and is subject to the gatekeeper provision of

---

[1] In contrast, when a verdict has been reduced from murder in the first degree after plenary review under G. L. c. 278, § 33E, the defendant no longer stands convicted of a "capital case," and therefore is not subject to the statute's gatekeeper restriction governing future appeals. See Commonwealth v. Gilbert, 447 Mass. 161, 165 n.7 (2006); Commonwealth v. Perry, 424 Mass. 1019, 1020 (1997); Commonwealth v. Lattimore, 400 Mass. 1001, 1001 (1987).

that statute; or whether such a defendant is not entitled to plenary review but is entitled to a right of appeal from the denial of all motions for a new trial."  This case does <u>not</u> present an occasion to decide that question, however, because this is not James's direct appeal and the single justice did not report that question.  James already has had his direct appeal, received plenary review under G. L. c. 278, § 33E,[2] and, following that review, continues to stand convicted of murder in the first degree.

After receiving the benefit of this "uniquely thorough review," it follows that James is thereafter afforded "a narrower opportunity for appeal of postconviction motions than other criminal defendants."  He must comply with the gatekeeper

---

[2] Plenary review under the statute has been described as a "uniquely thorough review."  <u>Dickerson</u> v. <u>Attorney Gen</u>., 396 Mass. 740, 744 (1986).

> "Under G. L. c. 278, § 33E, this court has extraordinary powers in reviewing capital convictions on direct appeal:  we consider the whole case, both the law and the evidence, to determine whether there has been any miscarriage of justice. . . .  Unlike appellate review of convictions of other crimes, our consideration of first degree murder cases is not limited to issues based on objections rendered at trial. . . .  We are empowered under G. L. c. 278, § 33E, to consider questions raised by the defendant for the first time on appeal, or even to address issues not raised by the parties, but discovered as a result of our own independent review of the entire record." (Citations omitted.)

<u>Id</u>.  See <u>Commonwealth</u> v. <u>Gunter</u>, 459 Mass. 480, 485-487, cert. denied, 565 U.S. 868 (2011).

provision. <u>Dickerson</u> v. <u>Attorney Gen</u>., 396 Mass. 740, 744 (1986) ("since we have already reviewed the 'whole case' as required by G. L. c. 278, § 33E, the capital defendant justifiably is required to obtain leave of a single justice before being allowed once again to appear before the full court"). Plenary review (for the direct appeal) and the gatekeeper provision (for subsequent appeals) are interconnected and complementary component parts of the G. L. c. 278, § 33E, process. See <u>Gunter</u>, 459 Mass. at 486-487. See also <u>Dickerson</u>, <u>supra</u> at 743-744. As we have said, once plenary review has been given, "[i]nterests of judicial economy are best served by having a single justice 'screen out' postconviction motions which do not present a 'new or substantial question.'" <u>Davis</u>, 410 Mass. at 683, quoting <u>Dickerson</u>, <u>supra</u> at 744-745. See <u>Leaster</u> v. <u>Commonwealth</u>, 385 Mass. 547, 549-550 (1982). See also <u>Commonwealth</u> v. <u>Lanoue</u>, 409 Mass. 1, 8 (1990) (O'Connor, J., concurring). This is no less true for a juvenile defendant than it is for an adult defendant.[3]

---

[3] In <u>Patrick P</u>. v. <u>Commonwealth</u>, 421 Mass. 186, 193-194 (1995), the court held that the determination of what constitutes a "capital case" for purposes of the exercise of plenary review under G. L. c. 278, § 33E, takes "into account not only the requirement of a first degree murder indictment, but also the possible severity of the punishment involved." Similarly, in <u>Dickerson</u>, 396 Mass. at 744, the court described plenary review as being "warranted by the infamy of the crime and the severity of its consequences." Those cases do not aid the defendant's position. They simply described who is entitled

Conclusion.  We answer the reported question as follows: the gatekeeper provision of G. L. c. 278, § 33E, applies to a juvenile defendant who, like James, has had a direct appeal, has received plenary review and, following that review, remains convicted of murder in the first degree.  The case shall proceed in the county court for consideration of James's gatekeeper application, specifically whether the issues presented in his new trial motion are "new and substantial" for purposes of § 33E.  See Gunter, 459 Mass. at 487-488.

So ordered.

---

to plenary review and why.  They do not suggest that plenary review and the gatekeeper provision should be decoupled in any circumstances.  Indeed, once the court has conducted plenary review, so long as the defendant remains convicted of murder in the first degree, he or she continues to be a capital defendant for purposes of the gatekeeper provision of the statute, and the same rationale for the gatekeeper provision continues to apply, irrespective of any ensuing alteration of sentence.