RESCRIPT
**1025 In 2015, we affirmed Jeremy D. Gomes's convictions of mayhem and breaking and entering a vehicle in the nighttime with intent to commit a felony. Commonwealth v. Gomes, 470 Mass. 352, 378, 22 N.E.3d 897 (2015). At trial, "[t]he defendant requested that the judge provide a jury instruction regarding eyewitness identification that essentially mirrored a model instruction that had become effective in New Jersey approximately one week before the defendant's trial commenced." Id. at 357 & n.10, 22 N.E.3d 897, citing State v. Henderson, 208 N.J. 208, 219, 228-229, 27 A.3d 872 (2011). The judge instead gave the model jury instruction regarding eyewitness identification that we adopted in Commonwealth v. Rodriguez, 378 Mass. 296, 310-311, 391 N.E.2d 889 (1979) (Appendix). Gomes, supra at 353, 22 N.E.3d 897. We concluded that the judge did not abuse his discretion in doing so where the defendant failed to furnish "any expert testimony, scholarly articles, or treatises that would reasonably have enabled the judge to determine whether the principles in the defendant's proposed instruction were 'so generally accepted' that it would be appropriate to instruct the jury regarding them ... and where there was an instruction approved by this court that was not erroneous but, at worst, inadequate and incomplete." Id. at 359-360, 22 N.E.3d 897.
In that opinion, however, "[a]fter reviewing the scholarly research, analyses by other courts, amici submissions, and the [Report and Recommendations of the Supreme Judicial Court Study Group on Eyewitness Evidence], we conclude[d] that there are various principles regarding eyewitness identification for which there is a near consensus in the relevant scientific community and that it is appropriate to revise the Rodriguez instruction to include them." Id. at 367, 22 N.E.3d 897. We therefore proposed a provisional model eyewitness identification instruction to be given in trials commencing after the date of the Gomes opinion.
*1150 Id. at 376, 22 N.E.3d 897 (new instruction intended to have no retroactive application).
The defendant subsequently moved for a new trial, arguing that he was deprived of the effective assistance of counsel because his trial counsel failed to furnish the judge with the expert testimony, scholarly articles, or treatises that would reasonably have enabled the judge to determine that the principles in the defendant's proposed instruction were generally accepted in the relevant scientific community. The motion judge, who was also the trial judge, denied the motion. The defendant has appealed, and we allowed his application for direct appellate review. We affirm.
"When evaluating an ineffective assistance of counsel claim, we consider 'whether there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial **1026 ground of defence.' " Commonwealth v. LaBrie, 473 Mass. 754, 771, 46 N.E.3d 519 (2016), quoting Commonwealth v. Saferian, 366 Mass. 89, 96, 315 N.E.2d 878 (1974). " 'In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful' and ask whether the decision was manifestly unreasonable when made." LaBrie, supra, quoting Commonwealth v. Kolenovic, 471 Mass. 664, 673-674, 32 N.E.3d 302 (2015), S.C., 478 Mass. 189, 84 N.E.3d 781 (2017). The standard is objective: " '[o]nly "strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent' " are manifestly unreasonable." Id. at 674, 32 N.E.3d 302, quoting Commonwealth v. Pillai, 445 Mass. 175, 186-187, 833 N.E.2d 1160 (2005). "[T]he decision to allow or deny [a motion for a new trial] rests within the sound discretion of the motion judge, and we give deference to the factual findings of that judge, particularly when he or she was also the trial judge." LaBrie, supra, citing Pillai, supra at 185, 833 N.E.2d 1160.
The judge found that counsel's decision not to present expert testimony and other evidence was a tactical one that was not manifestly unreasonable. That finding is well supported by the record. Although such evidence might have cast doubt on some of the eyewitnesses' testimony, it might also have bolstered the testimony of other eyewitnesses. Where there were advantages and disadvantages to presenting such evidence, we cannot say objectively that the decision not to do so fell below the standard of a reasonably competent lawyer. We will not disturb the judge's finding that the tactical decision to withhold it was not manifestly unreasonable.
We also recognize that defense counsel cannot reasonably be found to have performed in a manner that falls measurably below that which might be expected from an ordinary fallible lawyer simply because counsel, in the attempt to persuade the judge to give an eyewitness identification jury instruction that differed from the model instruction earlier adopted by this court in Rodriguez, failed to demonstrate that each principle in the defendant's proposed instruction was generally accepted in the relevant scientific community. An attorney who would make such an effort is worthy of commendation by the defense bar, but the attorney who does not can hardly be deemed incompetent. See, e.g., Kolenovic, 471 Mass. at 674, 32 N.E.3d 302, quoting Commonwealth v. Walker, 443 Mass. 213, 225, 820 N.E.2d 195 (2005) ( "Counsel may strive for perfection, but only competence or the avoidance of a 'serious incompetency' is required");
*1151 Commonwealth v. Lanoue, 409 Mass. 1, 4, 563 N.E.2d 1367 (1990) ("counsel's performance fell well within the realm of what may be expected from an ordinary fallible attorney" and was "well within acceptable standards").[1]
In sum, the judge neither erred nor abused his considerable discretion. The order denying the defendant's motion for a new trial is affirmed.
So ordered.
On appeal, the defendant argues that, even if the judge did not err and counsel were not ineffective, he is still entitled to a new trial because there is a substantial risk of a miscarriage of justice, citing Commonwealth v. Epps, 474 Mass. 743, 767, 53 N.E.3d 1247 (2016), and Commonwealth v. Brescia, 471 Mass. 381, 389-390, 29 N.E.3d 837 (2015). This argument was not presented to the judge in the motion for a new trial and therefore not addressed by him, but we have nonetheless considered it. In view of the weight of the evidence supporting the convictions, we are not persuaded that there is a substantial risk of a miscarriage of justice in this case.