After a jury trial, the defendant and his codefendant, Brian Rivera, were convicted of armed assault with intent to murder, kidnapping, armed carjacking, armed robbery, and assault and battery by means of a dangerous weapon. On direct appeal, the defendant challenged the judge's jury instruction on eyewitness identification and certain statements made in the prosecutor's closing argument. We affirmed his convictions. Commonwealth v. Rivera, 87 Mass. App. Ct. 1131 (2015).[2]
The following year, the defendant brought a motion for new trial in which he claimed that his trial counsel was ineffective for failing to produce scholarly literature to support the requested, modified instruction on eyewitness identification. The motion was denied without a hearing, and the defendant appeals. We affirm.
The defendant's argument on appeal is an attempt to circumvent the prospective-only mandate of the Gomes court through a collateral attack based on ineffective assistance of counsel. The defendant in Gomes made the same collateral attack, which the Supreme Judicial Court rejected earlier this year. Commonwealth v. Gomes, 478 Mass. 1025 (2018) (Gomes II ). In Gomes II, the court held:
"We also recognize that defense counsel cannot reasonably be found to have performed in a manner that falls measurably below that which might be expected from an ordinary fallible lawyer simply because counsel, in the attempt to persuade the judge to give an eyewitness identification jury instruction that differed from the model instruction earlier adopted by this court in [ Commonwealth v. Rodriguez, 378 Mass. 296, 310-311 (1979) ], failed to demonstrate that each principle in the defendant's proposed instruction was generally accepted in the relevant scientific community. An attorney who would make such an effort is worthy of commendation by the defense bar, but the attorney who does not can hardly be deemed incompetent."
Id. at 1026.
Finally, we reject, as did the Supreme Judicial Court in Gomes II, the defendant's claim, based on Commonwealth v. Epps, 474 Mass. 743, 767 (2016), and Commonwealth v. Brescia, 471 Mass. 381, 389-390 (2015), that even if the judge did not err and counsel was not ineffective, he is still entitled to a new trial because there is a substantial risk of a miscarriage of justice. See Gomes II, 478 Mass. at 1026 n.1. The defendant's attempts to distinguish this case from Gomes II are unavailing. In view of the weight of the evidence supporting the convictions, and the jury being provided the then-proper Rodriguez instruction, we are not persuaded that there is a substantial risk of a miscarriage of justice in this case. See Commonwealth v. Herndon, 475 Mass. 324, 330 & n.13 (2016).
Order denying motion for new trial affirmed.

At trial, the defendant requested a modification of the then-customary instruction from Commonwealth v. Rodriguez, 378 Mass. 296, 301-302, 310-311 (1979), based on State v. Henderson, 208 N.J. 208 (2011). The judge denied the request. After briefing on direct appeal, the Supreme Judicial Court decided Commonwealth v. Gomes, 470 Mass. 352, 354 (2015), which in fact adopted many of the changes requested by the defendant in this case. However, as explicitly stated in Gomes, those changes only apply prospectively. Id. at 376. On direct appeal, we held that, as in Gomes itself, the judge's refusal to give the requested instruction, where the defendant presented no expert testimony or scholarly articles on the topic, was not an abuse of discretion.