NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-808

COMMONWEALTH

vs.

GEORGE SHURTLEFF.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted of three counts of indecent assault and battery of a child under fourteen, G. L. c. 265, § 13B; rape of a child aggravated by age difference, G. L. c. 265, § 23A; and two counts of indecent assault and battery on a person over fourteen, G. L. c. 265, § 13H. During the pendency of his direct appeal, he brought a first motion for a new trial alleging ineffective assistance of trial counsel. That motion was denied. The appeal of his convictions and the appeal of the denial of the motion for a new trial were consolidated and the judgments and order were affirmed by this court (consolidated appeal). See Commonwealth v. Shurtleff, 97 Mass. App. Ct. 1116 (2020).

The defendant subsequently filed, pro se, a second motion for new trial (second motion for new trial). That motion was

denied without an evidentiary hearing and, in the instant matter, the defendant has appealed.

The parties are familiar with the facts and procedural history of the case and they will not be repeated here. The defendant's primary argument is that trial counsel was ineffective in failing to interview, investigate, and call two possible defense witnesses, the defendant's sister, Eva Jones, and his wife, the mother of the victim, Heather Shurtleff.[1] The defendant also argues that appellate counsel, who litigated the first motion for a new trial, was ineffective in failing to raise these claims in the first motion for a new trial and the consolidated appeal (and in failing to investigate, interview, and call them himself as witnesses at the evidentiary hearing on the motion), and that the judge erred and abused his discretion in denying the second motion for new trial.

We turn first to the defendant's primary argument. "When evaluating an ineffective assistance of counsel claim, we consider 'whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then,

---

[1] For convenience, given the shared last name of the defendant and Heather Shurtleff, the latter will be referred to by her first name.

typically, whether it has likely deprived the defendant of an other wise available, substantial ground of defence.'" Commonwealth v. LaBrie, 473 Mass. 754, 771 (2016), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "'In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful' and ask whether the decision was manifestly unreasonable when made." Labrie, supra, quoting Commonwealth v. Kolenovic, 471 Mass. 664, 673-674 (2015), S.C., 478 Mass. 189 (2017)." Commonwealth v. Gomes, 478 Mass. 1025, 1025-1026 (2018).

The defendant argues that Jones could have provided evidence that the complainant recanted a first allegation of abuse against the defendant. According to the testimony at the hearing on the first motion for a new trial, as well as the affidavit of trial counsel provided in that proceeding, Jones provided only a secondhand report that she had been told by a neighbor, Shelinda Freemantle, of a recantation. That testimony would have been inadmissible hearsay at trial. In any event, trial counsel testified in that prior proceeding, his investigator having discovered this, he interviewed Freemantle, and that he and the investigator concluded that what had occurred was not, in fact, a recantation. Even if it was,

3

though, and even if it had been manifestly unreasonable not to call Jones, a new trial on the basis of ineffective assistance of counsel cannot be ordered unless the conduct of the attorney that falls measurably below what one might reasonably expect of an ordinary lawyer also likely deprived the defendant of an otherwise available, substantial ground of defense. See Saferian, 366 Mass. at 96. As the judge concluded in denying the first motion for a new trial (that alleged ineffective assistance for trial counsel's failure to call Freemantle as a witness), if evidence of this "recantation" were to come in, the "jury would also likely have learned what [the victim] told the police: that she had, in March of 2013, first reported the sexual abuse to Heather but later denied it after the defendant implored her to do so and after he threatened [to commit] suicide. That evidence gave a credible explanation for why [the victim] felt pressured to recant." Given this, the failure to call Jones not only was not manifestly unreasonable, it did not deprive the defendant of a substantial ground of defense.

The defendant also argues that Jones could have provided evidence that on the night when the complainant made her first complaint of abuse, she later insisted on going with the defendant, who was inebriated, to a hotel. Trial counsel, again, explained in connection with the first motion for a new trial his tactical decision not to present evidence the jury

4

might have found inculpatory of the drunken defendant taking the alleged victim, his minor stepdaughter, alone to a hotel. That tactical decision also was not manifestly unreasonable.[2]

As for the testimony of Heather, as the motion judge noted, she was, at the time, charged with child endangerment, and so had a motive not to testify truthfully about the events at issue at trial in this case. Even assuming she would not have invoked the privilege against self-incrimination, this renders the decision of trial counsel not to call her not manifestly unreasonable.

Further, the failure to call her did not deprive the defendant of an otherwise available, substantial ground of defense. Heather did in fact subsequently testify at her own trial, at which she was convicted of child endangerment. That trial was held before the same judge who heard the trial and both new trial motions in this case. His conclusion that the testimony, which was not helpful to Heather, who was convicted, would not have been helpful to the defendant, is due deference. Commonwealth v. Smith, 459 Mass. 538, 550 (2011) (findings of fact of motion judge due special deference where that judge also

---

[2] Contrary to the defendant's assertion, evidence he was in fact inebriated and went to a hotel with the complainant the night she first revealed the abuse is not propensity evidence barred by the trial judge's order in limine prohibiting the use of past bad acts of drug use or alcohol consumption.

presided over trial).  Although the reasonableness of an attorney's conduct must be judged as of the time it occurred, there is no limitation on the use of evidence subsequently obtained in determining whether any failure on counsel's part was prejudicial.

Finally, given what was before the motion judge, there was no abuse of discretion in the judge's failure to hold an evidentiary hearing on the second new trial motion, as there was no serious issue as to the adequacy of counsels' representation, the resolution of which required such a hearing.  See Commonwealth v. Mercado, 466 Mass. 141, 148 n.8 (2013).

Where trial counsel did not provide ineffective assistance of counsel, appellate counsel's failure to raise the issue cannot amount to ineffective assistance of appellate counsel. The judge did not err in concluding that the actions of counsel

were not manifestly unreasonable, or in, as a consequence, denying the second motion for new trial.

> <u>Order entered September 3, 2021, denying defendant's motion for new trial affirmed</u>.

> By the Court (Rubin, Neyman & Walsh, JJ.[3]),

> Assistant Clerk

Entered:   January 19, 2024.

---

[3] The panelists are listed in order of seniority.