## Commonwealth *vs.* Fabian Acevedo.

Bristol. March 9, 1998. - July 2, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Homicide. Malice. Practice, Criminal,* New trial, Instructions to jury, Presumptions and burden of proof.

At a murder trial, the judge incorrectly instructed the jury on the burden of proof on provocation (which was plainly presented by the evidence) and the error was prejudicial where, if the jury had been properly instructed that the Commonwealth had the burden to disprove provocation beyond a reasonable doubt, they might not have found that the defendant acted with malice: a new trial was required. [714-717]

Indictment found and returned in the Superior Court Department on October 10, 1991.

The case was tried before *Patrick F. Brady*, J., and a motion for a new trial, filed on April 4, 1995, was heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Peter M. Onek* for the defendant.

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.

Wilkins, C.J. We granted the defendant's application for further appellate review of his conviction of murder in the second degree. He argues that the Appeals Court, in an unpublished memorandum and order (43 Mass. App. Ct. 1109 [1997]), applied the wrong standard of review in passing on certain claims of error in the trial judge's jury instructions. We agree with the defendant.

Although the alleged errors were not preserved for appellate review, the trial judge fully addressed certain of them in denying the defendant's motion for a new trial. Because the defendant's appeal from that denial is presented in conjunction with his appeal from his conviction and the judge resurrected certain issues by considering them fully in deciding the motion

for a new trial, those issues must be considered on appeal as if fully preserved for appellate review. *Commonwealth* v. *Hallet, ante* 552, 555 (1998). The Appeals Court erred because it considered only whether the errors created a substantial risk of a miscarriage of justice. We conclude that the judge's instructions mischaracterized the Commonwealth's burden of proof on provocation and that the error was prejudicial to the defendant. If the jury had been properly instructed that the Commonwealth had the burden to disprove provocation beyond a reasonable doubt, they might not have found that the defendant acted with malice. We need not discuss other issues argued to us.

The question whether the defendant acted with provocation was plainly presented by the evidence. The defendant fatally shot the victim, Nelson Martinez, while he was pursuing the defendant with a baseball bat. The defendant and Martinez had fought on previous occasions. During a confrontation that occurred shortly before the fatal incident, Martinez had chased the defendant with a baseball bat and struck him several times. The defendant then left in his automobile but returned about twenty minutes later.

There were several eyewitnesses who gave somewhat different descriptions of what happened next. Martinez's girl friend testified that, when the defendant returned, he took a shotgun from his vehicle and yelled at Martinez. Martinez, who had been working on his girl friend's automobile, removed his baseball bat from that vehicle and walked toward the defendant. The defendant fired a shot into the ground. Martinez continued to approach the defendant who walked away. Martinez followed and hit the defendant's calf with the bat. Within seconds, the defendant, who was still moving away, directed the shotgun behind him and fired the fatal shot. The defendant testified that he had intentionally fired the gun because the victim was coming at him with the bat to hit him again.

The evidence required that the judge instruct the jury on the question whether the defendant may have acted with provocation.[1] The judge should have told the jury in some form "that, if the Commonwealth had not proved the absence of provocation beyond a reasonable doubt, there could be no finding of malice and hence no conviction of murder." *Commonwealth* v. *Boucher*, 403 Mass. 659, 661 (1989). Malice and adequate

---

[1]The judge also instructed specifically on self-defense.

provocation are mutually exclusive. *Id.* at 661-662. See *Ariel A. v. Commonwealth*, 420 Mass. 281, 285 (1995).

The judge properly told the jury that mitigating circumstances can operate to negate the elements of malice. He explained correctly that "[i]f a person kills another in the heat of passion, which is occasioned by adequate and reasonable provocation, or in sudden combat, then even though that person had an intent to kill, the killing is designated manslaughter and not murder because of the mitigating circumstances." The judge went on, however, to tell the jury that, in order to warrant a conviction of voluntary manslaughter, the Commonwealth "must prove three elements beyond a reasonable doubt," that (1) the defendant must have inflicted the injury that caused the victim's death, (2) the homicide was committed unlawfully without legal excuse or justification, and (3) "the defendant injured [the victim] as a result of sudden combat or in the heat of passion or using excessive force in self defense." That language incorrectly told the jury that malice is negated by provocation only if provocation is proved beyond a reasonable doubt. The correct rule is that, where the evidence raises the possibility that the defendant may have acted on reasonable provocation, the Commonwealth must prove, and the jury must find, beyond a reasonable doubt that the defendant did not act on reasonable provocation. *Commonwealth* v. *Boucher*, *supra* at 661.

Shortly thereafter, the judge stated the rule correctly. He said that "[w]here there is evidence of provocation the Commonwealth has the burden of proving beyond a reasonable doubt that the defendant did not act in the heat of passion." But then the judge gave the following summary on voluntary manslaughter, again misplacing the burden of proof on provocation:

"Therefore, if after consideration of all of the evidence, you find that the Commonwealth has proved beyond a reasonable doubt that the circumstances preceding or attending the killing were caused by adequate and reasonable provocation by the deceased . . . or by an act of sudden combat against the defendant of a kind so as to reasonably excite in the defendant the passions of anger, fear, nervous excitement, or heat of blood, and thereupon, the defendant, under the influence of such passion and before the cooling of the blood, killed the deceased . . . then you must find the defendant guilty of voluntary manslaughter.

"If, however, after your consideration of all of the evidence, you find that the Commonwealth has not met this burden of proof, then you must find the defendant not guilty of voluntary manslaughter."

The judge repeated this error in supplemental instructions given in response to a jury question about "the stipulations of manslaughter." He told the jury that to prove the defendant guilty of manslaughter, among other things, the Commonwealth had to prove beyond a reasonable doubt that the defendant injured Martinez "as a result of sudden combat or in the heat of passion or using excessive force in self-defense."

The difference between proof beyond a reasonable doubt that a defendant acted with reasonable provocation and proof beyond a reasonable doubt that a defendant did not act with reasonable provocation is substantial. The single correct statement of the Commonwealth's burden was dominated by repeated incorrect burden-placing language. Describing the burden of proof in contradictory language not resolved in the charge may raise a constitutional question. See *Francis* v. *Franklin,* 471 U.S. 307, 322 (1985); *Commonwealth* v. *Repoza,* 400 Mass. 516, 519, cert. denied, 484 U.S. 935 (1987). In any event, the original charge was likely to have confused the jury and perhaps even misled them. *Commonwealth* v. *Wood,* 380 Mass. 545, 548 (1980). The supplemental instruction on the burden of proof, the judge's last word on the subject, was not ambivalent; it was wrong and could only have misled. We doubt that the error posed no substantial risk of a miscarriage of justice, as the Appeals Court concluded. That is not, however, the question. We certainly cannot fairly say that the error in the instruction on provocation was not prejudicial to the defendant. This is not a case in which one erroneous instruction concerning the burden of proof on provocation was sandwiched between instructions that otherwise properly stated the Commonwealth's obligation. Cf. *Commonwealth* v. *Torres,* 420 Mass. 479, 488-491 (1995). Here, the center of gravity of the provocation instructions was strongly on the side of misstatement.

The order denying the motion for a new trial is reversed. The verdict is set aside. The judgment is reversed, and the case is remanded for a new trial.

*So ordered.*