## COMMONWEALTH vs. CLYDE JOHN F. DEMPSEY.

No. 93-P-1589.

Suffolk. January 26, 2000. - May 25, 2000.

Present: ARMSTRONG, C.J., SMITH, & BROWN, JJ.

*Homicide. Practice, Criminal,* Lesser included offense, Instructions to jury, Presumptions and burden of proof. *Self-Defense.*

At the trial of a murder indictment, the judge's erroneous and contradictory instructions on the Commonwealth's burden of proof as to the absence of provocation was not harmless error and the defendant was entitled to a new trial. [248-249]

INDICTMENTS found and returned in the Superior Court Department on April 16, 1992.

The cases were tried before *Barbara J. Rouse,* J.

*Janet H. Pumphrey* for the defendant.

*Rosemary Daly,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, C.J. The defendant was convicted of murder in the second degree and unlawful possession of a firearm.

Tensions between the defendant and the victim, Edgar Whidden, had been brewing in the course of a long evening of drinking at a barroom. Following the attempt of a bouncer to head off a fight, Whidden, who was taller and heavier than the defendant, approached and stood facing the defendant at a distance of three to four feet. The defendant fired a shot at the floor between Whidden's legs and said, "Do you want to f___ with me now?" Whidden turned, raised his buttocks in the air, and said, "Why don't you stick it in my a__ and pull the trigger?" Whidden turned again to face the defendant, who, according to one witness, said, " 'I'm going go kill you, you mother f_____,' or something like that," then shot him. Whidden stumbled, then took a step toward the defendant, who shot him again twice. The defendant walked out of the bar and left the

jurisdiction. The date of these events was July 1, 1981. Eleven years later, the defendant was found in Canada, living under an alias.

At his trial, the defendant testified that he had shot Whidden in self-defense — that Whidden had broken the top off a brandy snifter and, as he approached, was threatening to cut the throats of the defendant and his friend Mike Kelly, who was on the next barstool. That evidence required the judge to instruct the jury on self-defense and on provocation. "Inherent in the defendant's argument that he was not guilty because he had acted in self-defense was his reliance on provocation to mitigate the charge of murder to manslaughter, if the self-defense claim were to fail." *Commonwealth* v. *Boucher*, 403 Mass. 659, 663 (1989).

This the judge understood. In giving her instructions, however, the judge made the same error that caused the Supreme Judicial Court to reverse the convictions in *Commonwealth* v. *Acevedo*, 427 Mass. 714, 715-717 (1998), and *Commonwealth* v. *Carlino*, 429 Mass. 692, 694-696 (1999), and this court to reverse the conviction in *Commonwealth* v. *Grant*, *ante* 169 (2000). That is to say, she repeatedly instructed the jury that to prove the lesser included offense of voluntary manslaughter, the Commonwealth had an affirmative burden to prove that the defendant killed Whidden as a result of sudden combat in the heat of passion. While it is true that the jury were also instructed correctly that, to prove murder, the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant did not act in the heat of passion, our reading of the judge's whole charge convinces us that the jury retired to consider the case under conflicting impressions regarding the Commonwealth's burden as to provocation. See *Commonwealth* v. *Acevedo*, *supra*. That is borne out by the jury's return with two questions, whether if they should find the killing was unlawful and there was malice aforethought, "must we find second degree or can we still consider manslaughter?"; and whether "mitigating circumstances, such as passion, etcetera, . . . negate malice aforethought?" In response, the judge gave supplemental instructions which included one correct and one incorrect statement of the burden of proof regarding provocation.

The confusion in the instructions given here was not uncommon, as is illustrated by the cases cited, as well as *Commonwealth* v. *Roderick*, 429 Mass. 271, 278 (1999). The same

confusion will be eliminated in the future by adherence to the Supreme Judicial Court's new model homicide instructions, see Massachusetts Superior Court Criminal Practice Jury Instructions § 2.4.2 (MCLE 1999), which contain a clear instruction that if there is evidence of provocation the Commonwealth, to sustain a murder charge, has the burden of proving the absence of provocation. If the jury should find that, even though the other elements of murder are present, the Commonwealth has not met that burden, the jury would be justified in finding voluntary manslaughter.

The appeal raises no issue concerning the conviction on the firearms charge, which the defendant in effect conceded at trial.

The judgment of guilt of murder in the second degree is reversed, and the case is to stand for further proceedings on the indictment. The judgment of guilt on the firearms charge is affirmed.

*So ordered.*