Trainor, J.
(concurring). I concur with the majority opinion in every respect but would add that the Supreme Judicial Court *609 conducted a mandatory § 33E review of codefendant William Wood’s conviction of murder in the first degree. See Commonwealth v. Wood, 469 Mass. 266, 295 (2014). The codefendants, at trial, conducted their defense in unison. They joined in each other’s objections and each other’s arguments, and as a result, I believe that the G. L. c. 278, § 33E, review should have preclusive effect on the Batson[1] claim of constitutional error made by defendant Butler in this appeal.
Generally, when a party appeals from a ruling or a decision of a trial court or other adjudicative body, our standard of review is determined by whether an objection was preserved below and other appropriate circumstances related to the alleged error. Direct appeals from convictions of murder in the first degree, however, are handled differently because the Supreme Judicial Court has a statutory duty under G. L. c. 278, § 33E, to review the entire case, whether or not errors were preserved at trial or briefed on appeal, in order to guarantee that the conviction was not the result of a miscarriage of justice. “Under § 33E, [the Supreme Judicial Court] review[s] the entire record of a conviction of murder in the first degree, examining both the law and the evidence, considering the issues raised on appeal, the issues raised through objections at trial, and the issues that reasonably should have been raised on appeal and objected to at tried, to ensure that there has not been a miscarriage of justice” (emphasis added). Commonwealth v. Johnson, 461 Mass. 1, 6 (2011). The Supreme Judicial Court has further elaborated on this duty by stating, “We are empowered under G. L. c. 278, § 33E, to consider questions raised by the defendant for the first time on appeal, or even to address issues not raised by the parties, but discovered as a result of our own independent review of the entire record. . . . This uniquely thorough review of first degree murder convictions is warranted by the infamy of the crime and the severity of its consequences.” Dickerson v. Attorney Gen., 396 Mass. 740, 744 (1986).
When conducting its § 33E statutory review, the Supreme Judicial Court looks for whether any error unpreserved at trial or unbriefed on appeal has created a “substantial likelihood of a *610 miscarriage of justice.”[2] See, e.g., Commonwealth v. Wright, 411 Mass. 678, 682 (1992); Commonwealth v. Ruddock, 428 Mass. 288, 292 n.3 (1998). While the court will use the ‘“substantial likelihood” standard on issues that were either not preserved at trial or not included in an appellate brief, when issues were properly preserved at trial and raised on appeal, the court will apply the standard of review typically used for preserved claims in criminal cases.
Here, both the defendant and Wood carefully laid a foundation for appeal on the issue of racial and gender discrimination in both the venire pool and the juror selection process. The defendant and Wood objected to the prosecutor’s use of peremptory challenges and argued that the challenges were based on either race or gender discrimination. The defendant and Wood took exception to the judge’s declining to sustain their objections and his declining to find a pattern of improper challenges pursuant to Batson v. Kentucky, 476 U.S. 79, 97 (1986), and J.E.B. v. Alabama, 511 U.S. 127, 128-129 (1994). Both the defendant and Wood moved for a mistrial on the second day of jury selection. Inexplicably, Wood did not include this issue, even though well preserved at trial, in his appellate brief to the Supreme Judicial Court. Now, the defendant contends that even if the Supreme Judicial Court reviewed the Batson issue, it would have used the likelihood of a miscarriage of justice standard of review because Wood did not include the claim in his appellate brief. We, on the other hand, according to this argument, are required to use a different and stricter standard of review because the defendant has argued the Batson issue in his appellate brief. Under different circumstances this could be a legitimate observation, and create an unfortunate anomaly in our system of justice, but it does not here.
The defendant relies on Commonwealth v. Morganti, 467 Mass. 96, cert. denied, 135 S. Ct. 356 (2014), for his argument that Wood had waived any claim of constitutional error by not including the claim in his direct appeal. The defendant argues that the Supreme Judicial Court therefore could only have reviewed this potential error under § 33E and the substantial likelihood of a miscarriage of justice standard. Morganti held that while ”[i]t is well settled that the violation of a defendant’s Sixth Amendment *611 right to a public trial is structural error requiring reversal. .. even structural error is subject to the doctrine of waiver.” Id. at 101-102 (quotation omitted). The defense counsel in Morganti was aware that the court room had been closed to the public in order to facilitate jury empanelment and did not object. The Supreme Judicial Court concluded that the defendant had waived his right to a public trial for that portion of the proceedings because defense counsel was aware of the closing and chose not to object. Id. at 102. That is not the situation we face here. Defense counsel for both the defendant and Wood made great effort to preserve any potential error. Wood objected to the venire panel, moved for a mistrial, objected on the basis of racial discrimination, objected on the basis of gender discrimination, and renewed each of the objections based on discrimination. The defendant joined Wood in each of these objections and objected alone only once to a juror challenge by the Commonwealth.
The defendant would have us view the Wood decision as considering the Batson claim under the ‘“substantial likelihood of a miscarriage of justice” standard of review, not because defense counsel waived the claimed error at trial but because appellate counsel failed to preserve the objection on appeal.[3] In this unique circumstance, I believe this reasoning to be incorrect. ‘“When constitutional error calls into question the objectivity of those charged with bringing a defendant to judgment, a reviewing court can neither indulge a presumption of regularity nor evaluate the resulting harm. . . . [Wjhen a petit jury has been selected upon improper criteria ... we have required reversal of the conviction because the effect of the violation cannot be ascertained.” Vasquez v. Hillery, 474 U.S. 254, 263 (1986). Our Supreme Judicial Court, long before the holding in Batson, prohibited the use of peremptory challenges to exclude prospective jurors solely on the basis of their membership in, or affiliation with, defined groupings in the community. The court held that ‘“there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error. The right to be tried by an impartial jury of peers is one such right.” Commonwealth v. Soares, 377 Mass. 461, 492, cert. denied, 444 U.S. 881 (1979), quoting from Commonwealth v. Gilday, 367 Mass. 474, 499 n.3 (1975).
*612 Whether this species of constitutional error can ever be waived remains to be determined.[4] Here, however, the alleged error clearly was not waived and, if substantiated, could never be treated as harmless, never mind only creating the possibility of a likelihood of a miscarriage of justice. That standard of review is simply inappropriate for reviewing this kind of alleged constitutional error. If the alleged error existed, after being so clearly highlighted in the record of the trial, the court in Wood would have been required to reverse Wood’s conviction.
I conclude then that the Supreme Judicial Court’s holding in Wood included a determination that there was no error and no basis to these constitutional claims made by both the defendant and Wood at trial and by the defendant in this appeal. See Wood, 469 Mass. at 295 (“We have reviewed the record in accordance with G. L. c. 278, § 33E, to determine whether there is any basis to set aside or reduce the verdict of murder in the first degree, regardless of whether such grounds were raised on appeal. We find no such reason, and we decline to exercise our powers under the statute” [emphasis added]).

See Batson v. Kentucky. 476 U.S. 79 (1986).

The substantial likelihood standard is “more forgiving to a defendant” than is the substantial risk of a miscarriage of justice standard. Commonwealth v. Smith, 460 Mass. 318, 321 n.2 (2011).

The claimed errors were objected to at trial on numerous occasions.

Federal Circuit Courts of Appeal have determined that “intentional discrimination on the basis of race in jury selection is structural error.” Winston v. Boatwright. 649 F.3d 618, 628 (7th Cir. 2011). Compare Vasquez v. Hillery. 474 U.S. at 263 (grand jury selection); Arizona v. Fulminante. 499 U.S. 279, 309-310 (1991) (Relinquish C.J., writing for a majority) (other structural errors). While this question has not been decided yet in Massachusetts, the requirement of an impartial jury is fundamental to our concept of a fair trial. I do not believe that a § 33E review could have considered the issue to have been waived simply because it was not included in an appellate argument after being so extensively argued at trial.