NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-346

COMMONWEALTH

vs.

NICHOLAS PEREZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Nicholas Perez, appeals from an order denying his new trial motion.  After a 2017 jury trial the defendant was convicted of one count of possession with intent to distribute a class D substance, G. L. c. 94C, § 32C (a), and one count of resisting arrest, G. L. c. 268, § 32B.  The defendant noticed a timely appeal from his convictions but, for reasons that need not presently concern us, that appeal did not proceed.  In October 2023, following appointment of postconviction counsel, the defendant filed a motion for new trial, contending that he was deprived of effective assistance of counsel because certain statements used against him at trial were obtained in violation of his right to counsel under the

Fifth Amendment to the United States Constitution, as interpreted by <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436 (1966).  That motion was denied and the defendant noticed the appeal now before us.  Because it appears that the motion judge, who also was the trial judge, erred in applying a subjective rather than objective test to determine if the defendant's request for counsel was clear and unambiguous, we vacate the order denying the defendant's motion for a new trial and remand for an evidentiary hearing and reconsideration consistent with this memorandum and order.[1]

1.  <u>Factual Background</u>.  Around 9:55 <u>P</u>.<u>M</u>. on July 22, 2014, Worcester Police Officers Ignacio Garcia and Thomas Duffy were in an unmarked cruiser in an apartment complex looking for the defendant.  The officers were dressed in plain clothes, wearing black tactical vests with the word "Police" displayed on the front, and each had a tool belt carrying a firearm, handcuffs, and baton.

The officers saw the defendant in a crowd of eight to ten other men.  As they approached the group, the defendant stood up and they ordered the defendant to show his hands, informing him that he was under arrest.  The defendant sprinted to the

---

[1] In light of the present disposition, and to the extent the defendant's direct appeal from his convictions is before us, we need not address it.

2

alleyway, holding his waistband. The police officers chased the defendant, yelling at him to "stop" and telling him that he was under arrest. After a short chase, Officer Garcia caught up to the defendant and tackled him to the ground. Officer Garcia attempted to handcuff the defendant, but the defendant's hands were under his body. When Officer Garcia tried to grab hold of his arm, the defendant tensed up and pulled his arm away. Officer Garcia repeatedly instructed the defendant to stop resisting arrest and to put his hands behind his back. Despite these commands, the defendant continued to flail and toss and turn. Eventually, Officers Garcia and Duffy were able to control one of the defendant's arms and they placed him in handcuffs. A search of the defendant revealed three small glassine baggies and two larger baggies of marijuana and $381 located in the defendant's pocket.

The defendant was transported to the police station where Detectives Elias Baez and Joseph Essex escorted him into an interview room and informed him that the interview would be audio and video recorded. After the defendant entered the interview room, and prior to receiving his Miranda warnings, he asked, "Can I call my lawyer, my dad, please." Neither detective responded to this request. Detective Essex then directed the defendant where to sit down. Detective Baez informed the defendant of his statutory right to use the

3

telephone "to communicate with family or friends or to arrange for bail or to contact an attorney."  The defendant said he understood, but made no further request.  Detective Baez then read the defendant his Miranda warnings and asked the defendant if he wanted to waive his rights and speak to the detectives.  The defendant agreed and thereafter provided incriminatory statements in which he admitted to selling "weed" and that he was aware that there was an outstanding warrant for his arrest.

2.  Procedural Background.  The defendant's counsel did not file a motion to suppress his statements but raised the issue in a motion in limine.  At trial, the judge raised the issue about the admissibility of the defendant's statements at sidebar.  Trial counsel explained that he did not file a motion to suppress because, while the defendant had asked for an attorney, he was then read his Miranda rights and voluntarily spoke to the police.  The defendant's statements were admitted into evidence.

During cross-examination, Detective Baez acknowledged that the transcript of the recorded interview confirmed that, upon entering the interview room, the defendant did in fact ask to speak to his attorney.  Detective Baez denied ignoring the defendant's request for counsel, testifying at first that he did not hear the defendant invoke his right to counsel and later testifying that "I didn't hear -- maybe I didn't hear."  But, Detective Baez testified, "I advised him of his Miranda rights.

4

So if he wanted an attorney at that point, he could have asked for an attorney."

The judge denied the defendant's motion for a new trial without an evidentiary hearing. In his decision, the judge found that the recorded interview supported "the inference that Detective Baez did not hear the defendant ask if he could call his lawyer or dad as the defendant was being led into the interview room." The judge concluded that the defendant waived his Miranda rights and never again inquired about an attorney. The judge further concluded that trial counsel was not ineffective because a motion to suppress the statement was not likely to be granted and that trial counsel made a tactical decision regarding the statements.

3. Discussion. "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done." Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). We review the denial of a motion for a new trial for an abuse of discretion or clear error of law. Commonwealth v. Sorenson, 98 Mass. App. Ct. 789, 791 (2020), cert. denied, 142 S. Ct. 107 (2021). "We afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge." Id., quoting Commonwealth v. Diaz-Perez, 484 Mass. 69, 73 (2020). See Commonwealth v. Nieves, 429

5

Mass. 763, 770 (1999) (judge's decision to grant new trial is given great deference and it will not be reversed unless "it is manifestly unjust or unless the trial was infected with prejudicial constitutional error").

To the extent the judge's findings of fact were based on documentary evidence such as a video recording, "this court stands in the same position as did the [motion] judge, and reaches its own conclusion unaffected by the findings made by the [motion] judge." Commonwealth v. Miller, 486 Mass. 78, 82 (2020), quoting Commonwealth v. Clarke, 461 Mass. 336, 341 (2012). However, where the judge makes credibility determinations that are relevant to subsidiary findings of fact, we afford those findings substantial deference. Miller, 486 Mass. at 82.

a. Ineffective assistance of counsel. The defendant claims that he is entitled to a new trial because, by failing to file a motion to suppress his statements, his lawyer provided constitutionally deficient assistance. A claim of ineffective assistance of counsel requires an examination of counsel's performance to determine, first, "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and, if so, second, "whether it has likely deprived the defendant of

6

an otherwise available, substantial ground of defence." Sorenson, 98 Mass. App. Ct. at 791, quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "[I]n order to prevail on an ineffective assistance of counsel claim on the ground of failing to file a motion to suppress, the defendant has to demonstrate a likelihood that the motion to suppress would have been successful." Commonwealth v. Comita, 441 Mass. 86, 89 (2004). In other words, it is not ineffective assistance of counsel to fail to file a motion to suppress if it has only minimal chance of success. Id. at 90-91.

b. Invocation of right to counsel. During a custodial interrogation, if an accused requests counsel, "the interrogation must cease until an attorney is present." Edwards v. Arizona, 451 U.S. 477, 481 (1981) (quotation omitted). A defendant's request for counsel must be "scrupulously honored" by the police. Commonwealth v. Gonzalez, 487 Mass. 661, 670-671 (2021) (quotation omitted). See Miller, 486 Mass. at 88. The defendant must be clear and unequivocal in the request, "such 'that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.'" Commonwealth v. Molina, 81 Mass. App. Ct. 855, 866 (2012), S.C., 467 Mass. 65 (2014), quoting Commonwealth v. Hoyt, 461 Mass.

7

143, 150 (2011).[2]  The defendant does not need to make repeated requests to speak to an attorney; if the defendant clearly and unambiguously asks to speak to an attorney, police must immediately stop questioning.  However, the mere mention or reference to an attorney does not require police to cease questioning.  See Commonwealth v. Dubois, 451 Mass. 20, 24-26 (2008).

Whether a person has invoked his right to counsel is an objective test.  In other words, the question that must be answered is whether the request for counsel is clear and unambiguous such that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.  See Davis, 512 U.S. at 459.

We acknowledge that this case involves an unusual set of circumstances.  The parties have not cited, nor have we found, any case law in Massachusetts addressing this specific issue.  Generally, whether a request for an attorney is clear and unequivocal focuses on the actual words used by the suspect.  This is not the situation here, as the videotape recording

---

[2] Even if the statement requesting counsel could be viewed as unclear or ambiguous, the police must cease interrogation but are allowed to clarify the defendant's intent.  "After such an inquiry to clarify whether a suspect has indeed requested an attorney, nothing further should be asked unless the suspect responds to the question in the negative."  Commonwealth v. Santos, 463 Mass. 273, 286 (2012).

establishes that the defendant did ask to call his attorney. However, the detective did not acknowledge the defendant's request and testified at trial that he did not hear the defendant. The question then is whether the defendant's invocation of his right to counsel can be considered clear and unequivocal when the request is made to a police officer who did not hear the request.

In denying the motion for a new trial, the judge applied what appears to be a subjective test, and he appears to have focused his inquiry on whether Detective Baez did in fact hear the defendant ask for an attorney. While the judge did not make specific credibility determinations, he did find that the reasonable inference supported the conclusion that Detective Baez did not hear the defendant's request for an attorney. The judge then went on to analyze whether the defendant's waiver was knowing and voluntary, concluding that it was.

The question that must be determined is whether the defendant's invocation of his right to counsel was clear and unequivocal if the police officer does not hear the request. However, the resolution of that question does not rise or fall solely upon a credibility determination of the officer claiming not to hear the request. The proper focus is not whether Detective Baez heard the defendant's request for an attorney, but rather whether, in light of all of the circumstances, a

9

reasonable officer would have heard the defendant's request. In other words, it is an objective standard, rather than a subjective one, that applies in these circumstances. In making this determination, the videotape evidence certainly needs to be considered, but the question that must be resolved is not simply what can now be heard on the video recording, but whether a reasonable officer in these circumstances would have heard an invocation of the right to counsel. Also, the testimony of the officers present and the defendant (if he chooses to testify) will, of course, be relevant to resolving the issue.

Finally, we add that "[a] 'reasonable officer' is one with ordinary hearing abilities who has taken steps to ensure that clear communication can occur between the officer and the suspect. Further, the reasonable officer is attentive to the suspect's answers to questions." State v. Chavarria-Cruz, 784 N.W.2d 355, 363 (Minn. 2010). See Cox v. Commonwealth, 641 S.W.3d 101, 117-122 (Ky. 2022). This analysis requires a consideration of several factors including, but not limited to, the actual words used by the defendant, the volume of the defendant's statement, the layout of the room and positioning of the parties, and the manner in which it was made.

In conclusion, we vacate the order denying the defendant's motion for a new trial and remand the matter for an evidentiary

10

hearing and reconsideration consistent with this memorandum and order.

So ordered.

By the Court (Meade, Walsh & Smyth, JJ.[3]),

Clerk

Entered:    November 19, 2024.

---

[3] The panelists are listed in order of seniority.